STATE OF CONNECTICUT *v*. CHARLES E. WHEELER

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 30, 1965

*Bernard F. Joy,* of Milford, for the defendant.

*George R. Tiernan,* state's attorney, for the state.

BY THE DIVISION. The defendant, nineteen years of age, pleaded guilty to an information charging that on June 16, 1964, he operated a motor vehicle so as to cause the death of Ronald V. Cialeglio. The statutory penalty is a fine of not more than $1000 or imprisonment not more than ten years or both. General Statutes § 53-17. On October 16, 1964, the court imposed a sentence of imprisonment in the Connecticut reformatory, which constituted an effective sentence of not more than five years, with eligibility for parole after fifteen months if warranted by his institutional record, under the parole rules in effect at the reformatory.

This case presents the all too familiar pattern of two young couples driving about in the early morning in such a manner that the defendant, who was the operator, lost control. He drove at sixty miles an hour in a posted twenty-five mile zone. The pavement was wet and slippery, and the automobile he was operating skidded out of control on a right-hand curve, spun completely around, struck a telephone pole, which was snapped off by the impact, and

continued on for twenty-four feet. The couple seated in the rear seat were thrown from the car, and the young man died shortly afterwards. The two young ladies in the car had asked the defendant to slow down. A blood specimen of the defendant revealed the alcoholic content to be 0.05.

His record, dating back to 1959 when he was fourteen years of age, is too lengthy to detail. It involves numerous motor vehicle violations and general conduct of a disorderly nature. He was placed on probation on two separate occasions, and was arrested on minor charges even while on probation. His military record is replete with violations, and he even managed to get involved in further legal difficulty after being involved in this fatal accident. As the court said at the time of sentencing, for the defendant's own good and for the good of society he must be confined until he is able to control himself better than he has been able to do so in the past.

The sentence should stand.

PALMER, MEYERS and HEALEY, Js., participated in this decision.